UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20125

DOUGLAS GUTIERREZ,

    Plaintiff,

vs.

PAYLESS RESPONSE TEAM LLC
d/b/a WATERRESTO USA,
PAYLESS JANITORIAL INC, and
ABRAHAM NEWMAN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Douglas Gutierrez, sues Defendants, Payless Response Team LLC d/b/a Waterresto USA, Payless Janitorial Inc, and Abraham Newman, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Douglas Gutierrez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Payless Response Team LLC d/b/a WaterResto USA ("WaterResto")**, is a *sui juris* Florida for-profit company that was authorized to conduct and conducted its for-profit property restoration business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Payless Janitorial Inc ("Payless Janitorial")**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit janitorial supply and equipment business in Miami-Dade County, Florida, at all times material, where it maintains its

1

principal place of business.

4. **Defendant, Abraham Newman**, was and is an owner/officer/manager of both corporate Defendants during the time relevant to this lawsuit. He is a resident of Miami-Dade County, Florida, who ran the day-to-day operations of the corporate Defendants, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## *FLSA Jurisdictional Allegations*

8. Plaintiff consents to participate in this lawsuit.

9. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10. Plaintiff was a non-exempt employee of the Defendants.

11. Plaintiff worked as a "restoration technician" for WaterResto from approximately 2015 to January 2, 2025.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

12. Plaintiff's job duties for WaterResto primarily involved performing physical labor, including property demolition and mitigation work, for WaterResto's clients who sustained property damage due to water leaks, fires, or storms.

13. In performing this work for WaterResto, Plaintiff regularly and routinely used tools, equipment, and materials that had moved in interstate commerce, including but not limited to power tools, hand tools, air movers, dehumidifiers, moisture meters, protective equipment, construction materials, and cleaning and restoration supplies.

14. Plaintiff worked as a "service representative" for Payless Janitorial from approximately 2023 to January 2, 2025.

15. Plaintiff's job duties for Payless Janitorial included communicating with customers of Payless Janitorial, selling janitorial supplies and equipment, collecting payments from customers, and stocking inventory.

16. In performing this work, Plaintiff regularly and routinely used the telephone, email, and electronic payment systems to communicate with customers and to process credit and debit card transactions, and regularly and routinely sold janitorial equipment and supplies—including air movers, generators, floor machines, vacuums, and other goods—that had moved through interstate commerce, resulting in the regular exchange of electronic information and goods in interstate commerce.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

18. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

19.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' property restoration and janitorial sales business covered by and subject to the requirements imposed by the FLSA.

20.     In particular, Defendants own and operate a property restoration and janitorial sales business using, purchasing, and selling goods and materials that traveled in interstate commerce, including air movers, dehumidifiers, generators, floor machines, vacuums, cleaning chemicals, restoration supplies, and janitorial equipment, and regularly using payment-processing terminals, computers, computer software, telephones, and related equipment that originated outside the State of Florida.

21.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

22.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23.     Plaintiff agreed with Defendants that he would be paid $23.00 for each hour worked.

24.     Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

25. Defendants did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rate for all hours worked over 40 hours per workweek.

26. Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages his regular rate(s) of pay (of at least the applicable Florida minimum wage) for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

28. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendants, Payless Response Team LLC d/b/a WaterResto USA, Payless Janitorial Inc, and Abraham Newman, jointly and severally after trial by jury and as follows:

  a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
  b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
  c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
  d. That Plaintiff be awarded all other interest allowed by law;
  e. That the Court declare Defendants to have willfully violated the FLSA; and
  f. Award Plaintiff such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT
(Against Payless Response Team LLC d/b/a Waterresto USA)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

29.  Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

30.  Plaintiff and WaterResto agreed that, in exchange for Plaintiff expending time and effort on the company's behalf, WaterResto would compensate him at a rate of $23.00 for each hour that he worked from approximately 2014 to January 2, 2025.

31.  Plaintiff performed under the parties' contract/agreement by performing work for WaterResto as aforesaid.

32.  WaterResto, however, failed and refused to perform its obligation to timely pay Plaintiff the agreed-upon rate of $23.00 for each hour of work from approximately 2014 to January 2, 2025.

33.  Plaintiff has been damaged as a direct and proximate result of WaterResto's breach of the parties' agreement through its failure to pay him for the work he performed from approximately 2014 to January 2, 2025.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Response Team LLC d/b/a WaterResto USA, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
### (Against Payless Janitorial Inc)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

35. Plaintiff and Payless Janitorial agreed that, in exchange for Plaintiff expending time and effort on the corporation's behalf, Payless Janitorial would compensate him at a rate of $23.00 for each hour that he worked for them from approximately 2023 to January 2, 2025

36. Plaintiff performed under the parties' contract/agreement by performing work for Payless Janitorial as aforesaid.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

37. Payless Janitorial, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate of $23.00 for each hour of work from approximately 2023 to January 2, 2025.

38. Plaintiff has been damaged as a direct and proximate result of Payless Janitorial's breach of the parties' agreement through its failure to pay Plaintiff for the work he performed from approximately 2023 to January 2, 2025, in a timely manner.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Janitorial Inc, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against Payless Response Team LLC d/b/a Waterresto USA)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

39. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.[3]

40. Plaintiff provided labor and services for Defendant, WaterResto, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

41. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

---

[3]  *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

8

42. Plaintiff provided services on behalf of Defendant, WaterResto, for its business as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

43. WaterResto was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from approximately 2014 to January 2, 2025.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Response Team LLC d/b/a WaterResto USA, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
### (Against Payless Janitorial Inc)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

44. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned but did not receive.[4]

45. Plaintiff provided labor and services for Defendant, Payless Janitorial, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

46. Plaintiff expected to be paid a reasonable value for the labor and services provided to Payless Janitorial.

---

[4] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

47. Plaintiff provided services on behalf of Payless Janitorial for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

48. Payless Janitorial was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from approximately 2023 to January 2, 2025.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Janitorial Inc, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Douglas Gutierrez, demands a trial by jury of all issues so triable.

Dated this 8th day of January, 2026,

>s/Brian H. Pollock, Esq
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:    305.230.4884
>*Counsel for Plaintiff*