UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 26-CV-20125-JB

DOUGLAS GUTIERREZ,

    Plaintiff,

vs.

PAYLESS RESPONSE TEAM LLC
d/b/a WATERRESTO USA,
PAYLESS JANITORIAL INC, and
ABRAHAM NEWMAN,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants, PAYLESS RESPONSE TEAM LLC d/b/a WATERRESTO USA, PAYLESS JANITORIAL INC, and ABRAHAM NEWMAN by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 12, hereby file Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, and state as follows:

1.     Plaintiff, Douglas Gutierrez, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

    Answer:    Admitted.

2.     Defendant, Payless Response Team. ILC d/b/a WarerResto USA ("WarerResto"), is a sui Juris Florida for-profit company that was authorized to conduct and conducted its for-profit property restoration business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    Answer:    Admitted.

3. Defendant, PaylessJaui1Drial Inc ("Payless Janitorial"), is a *suijuris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit janitorial supply and equipment business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

Answer: Admitted.

4. Defendant., Abraham Newman, was and is an owner/officer/manager of both corporate Defendants during the time relevant to this lawsuit. He is a resident of Miami-Dade County, Florida, who ran the day-to-day operations of the corporate Defendants, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiffs wages.

Answer: Admitted.

5. This Court has original jurisdiction over Plaintiffs federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq., and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

Answer: Admitted.

6. Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

Answer: Admitted.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

Answer: Admitted, upon information and belief.

### FLSA Jurisdictional Allegations

8. Plaintiff consents to participate in this lawsuit.

Answer: Denied.

9. *Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).*

Answer: Denied.

10. *Plaintiff was a non-exempt employee of the Defendants.*

Answer: Defendants admit that Plaintiff was a nonexempt employee of at least one corporate Defendant.

11. *Plaintiff worked as a "restoration technician" for Water Resto from approximately 2015 to January 2, 2025.*

Answer: Defendants admit that Plaintiff worked for at least one corporate Defendant, the remainder of the allegations of ¶ 11 are denied, including the alleged dates of employment.

12. *Plaintiffs job duties for WaterResto primarily involved performing physical labor, including property demolition and mitigation work, for Water Resto's clients who sustained property damage due to water leaks, fires, or storms.*

Answer: Denied.

13. *In performing this work for WaterResto, Plaintiff regularly and routinely used tools, equipment, and materials that had moved in interstate commerce, including but not limited to power tools, hand tools, air movers, dehumidifiers, moisture meters, protective equipment, construction materials, and cleaning and restoration supplies.*

Answer: Defendants admit that Plaintiff used materials that moved in interstate commerce, the remainder of the allegations of ¶ 13 are denied.

14. *Plaintiff worked as a "service representative" for Payless Janitorial from approximately 2023 to January 2, 2025.*

3

Answer: Defendants admit that Plaintiff worked for at least one corporate Defendant, the remainder of the allegations of ¶ 14 are denied, including the alleged dates of employment.

15. Plaintiffs job duties for Payless Janitorial included communicating with customers of Payless Janitorial, selling janitorial supplies and equipment, collecting payments from customers, and stocking inventory.

Answer: Admitted.

16. In performing this work, Plaintiff regularly and routinely used the telephone, email, and electronic payment systems to communicate with customers and to process credit and debit card transactions, and regularly and routinely sold janitorial equipment and supplies-including air movers, generators, floor machines, vacuums, and other goods-that had moved through interstate commerce, resulting in the regular exchange of electronic information and goods in interstate commerce.

Answer: Defendants admit that Plaintiff regularly used the telephone and processed cred card payments and sold janitorial equipment and good that had been moved through interstate commerce. The remainder of the allegations of ¶ 16 are denied.

17. To the extent that records exist regarding the exact dates of Plaintiffs employment, Defendants are believed to have such records (or the Fl.SA required Defendants to make and keep these records).

Answer: Admitted.

18. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

Answer: Denied.

19. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' property restoration and janitorial sales business covered by and subject to the requirements imposed by the Fl.SA.

Answer:      Admitted with regard to the corporate Defendants.

20.   In particular, Defendants own and operate a property restoration and janitorial sales business using, purchasing, and selling goods and materials that traveled in interstate commerce, including air movers, dehumidifiers, generators, floor machines, vacuums, cleaning chemicals, restoration supplies, and janitorial equipment, and regularly using payment-processing terminals, computers, computer software, telephones, and related equipment that originated outside the State of Florida.

Answer:      Admitted.

21.   Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

Answer:      Denied.

22.   Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

Answer:      Admitted333.

### COUNT I FLSA OVERTIME WAGE VIOIATION(S)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23.   Plaintiff agreed with Defendants that he would be paid $23.00 for each hour worked.

Answer:      Denied.

24.   Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

Answer:      Denied.

25. Defendants did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rate for all hours worked over 40 hours per workweek.

Answer: Denied.

26. Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

Answer: Denied.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages his regular rate(s) of pay (of at least the applicable Florida minimum wage) for the overtime hours worked during the relevant time violated the FLSA. intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

Answer: Denied.

28. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

Answer: Denied.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendants, Payless Response Team LLC d/b/a WaterResto USA, Payless Janitorial Inc, and Abraham Newman, jointly and severally after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wage if the Court does not award liquidated damages;
c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Plaintiff be awarded all other interest allowed by law;
e. That the Court declare Defendants to have willfully violated the FLSA; and
f. Award Plaintiff such other and further relief as the Court deems just and proper.

Answer: Denied.

## COUNT II - BREACH OF CONTRACT
### (Against Payless Response Te.am I.LC d/b/a Watmresto USA)

*Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:*

*29.     Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.1 See e.g., Jemigan v. 1st Stop Recovery, Inc., 2017 U.S. Dist LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing Davis v. Abington Memorial Hosp., 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013); and Monahan v. Cty. Of Chesterfield, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)*

Answer:     Denied.

*30.     Plaintiff and WaterResto agreed that, in exchange for Plaintiff expending time and effort on the company's behalf, Water Resto would compensate him at a rate of $23.00 for each hour that he worked from approximately 2014 to January 2, 2025.*

Answer:     Denied.

*31.     Plaintiff performed under the parties' contract/agreement by performing work for Water Resto as aforesaid.*

Answer:     Denied.

*32.     Water Resto, however, failed and refused to perform its obligation to timely pay Plaintiff the agreed-upon rate of $23.00 for each hour of work from approximately 2014 to January 2,2025.*

Answer:     Denied.

*33.     Plaintiff has been damaged as a direct and proximate result of WaterResto's breach of the parties' agreement through its failure to pay him for the work he performed from approximately 2014 to January 2, 2025.*

Answer:     Denied.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Response Team LLC d/b/a Water Resto USA, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

Answer: Denied.

## COUNT III - BREACH OF CONTRACT
### (Against Payless Janitorial Inc)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive. 2 See e.g., Jemigan v. 1st Stop Recovery, Inc., 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing Da,1Js v. Abington Memorial Hosp., 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F. 3d 106 (2d Cir. 2013); and Monahan v. Cty. Of Chesterfield, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

Answer: Denied.

35. Plaintiff and Payless Janitorial agreed that, in exchange for Plaintiff expending time and effort on the corporation's behalf, Payless Janitorial would compensate him at a rate of $23.00 for each hour that he worked for them from approximately 2023 to January 2, 2025

Answer: Denied.

36. Plaintiff performed under the parties' contract/agreement by performing work for Payless Janitorial as aforesaid.

Answer: Denied.

37. Payless Janitorial, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate of $23.00 for each hour of work from approximately 2023 to January 2,2025.

Answer: Denied.

38. Plaintiff has been damaged as a direct and proximate result of Payless Janitorial's breach of the parties' agreement through its failure to pay Plaintiff for the work he performed from approximately 2023 to January 2, 2025, in a timely manner.

Answer: Denied.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Janitorial Inc, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat §448.08, and for such other and further relief as this Court deems just and proper.

### COUNT IV - UNJUST ENRICHMENT
### (Against Payless Response Team LLC d/b/a Waterresto USA)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

39. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned, but did not receive.

Answer: Denied.

40. Plaintiff provided labor and services for Defendant, Water Resto, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

Answer: Denied.

41. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

Answer: Denied.

42. Plaintiff provided services on behalf of Defendant, WaterResto, for its business as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

Answer: Denied.

43. WaterResto was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from approximately 2014 to January 2, 2025.

Answer:    Denied.

WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Response Team LLC d/b/a WaterResto USA, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

Answer:    Denied.

## COUNT V - UNJUST ENRICHMENT
### (Against Payless Janitorial Inc)

Plaintiff, Douglas Gutierrez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

Answer:    Denied.

44. Through this claim, Plaintiff seeks recovery of the "gap time" wages that he worked and earned but did not receive:

Answer:    Denied.

45. Plaintiff provided labor and services for Defendant, Payless Janitorial, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

Answer:    Denied.

46. Plaintiff expected to be paid a reasonable value for the labor and services provided to Payless Janitorial.

Answer:    Denied.

47. *Plaintiff provided services on behalf of Payless Janitorial for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.*

Answer:    Denied.

48. *Payless Janitorial was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from approximately 2023 to January 2, 2025.*

Answer:    Denied.

*WHEREFORE Plaintiff, Douglas Gutierrez, demands the entry of a judgment in his favor and against Defendant, Payless Janitorial Inc, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat §448.08, and to award such other and further relief as this Court deems just and proper.*

Answer:    Denied.

## DEMAND FOR JURY TRIAL

*Plaintiff, Douglas Gutierrez, demands a trial by jury of all issues so triable.*

## AFFIRMATIVE DEFENSES

1. Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

2. The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

3. The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was waiting to be engaged.

4. The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were taken in good faith based on reasonable grounds for believing such actions and/or omissions were not a violation of the FLSA and/or other applicable law including the Florida Constitution.

5. The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought by Plaintiff is *de minimis*, and therefore is not compensable.

6. Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

7. Plaintiff is not entitled to any relief with regard to any bona- fide sleep, break or meal period(s).

8. Plaintiff is not due any wages for commuting or similar time pursuant to the Portal-to-Portal Act.

9. Plaintiff has been offered full relief and there is no case or controversy or justiciable issue or subject matter jurisdiction.

10. Plaintiff has failed to state a claim for "gap time" wages.

11. Plaintiff's claims for unjust enrichment and breach of contract are preempted by the FLSA. *See, e.g., Garcia v. Nachon Enterprises, Inc.*, 223 F. Supp. 3d 1257 (S.D. Fla. 2016).

                                          Respectfully submitted,

                                          s/ Gary A. Costales
                                          Gary A. Costales
                                          Florida Bar No. 0948829

>Law Offices of Gary A. Costales, P.A.
>1533 Sunset Drive, Suite 150
>Miami, FL 33143
>(786) 448-7288
>(786) 323-7274 (facsimile)
>costalesgary@hotmail.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on February 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/ Gary A. Costales

## SERVICE LIST

*DOUGLAS GUTIERREZ v. PAYLESS RESPONSE TEAM LLC ET AL*
*CASE NO.: 26-CV-20125*

**United States District Court, Southern District of Florida**

| | |
|---|---|
| Brian H. Pollock, Esq. | Gary A. Costales, Esq. |
| E-mail: brian@fairlawattorney.com | Email: costalesgary@hotmail.com |
| | |
| FAIRLAW FIRM | GARY A. COSTALES, P.A. |
| 135 San Lorenzo Ave., Suite 770 | 1533 Sunset Drive, Suite 150 |
| Coral Gables, FL 33146 | Miami, FL 33143 |
| Tel.: (305) 230-4884 | Tel.: (786) 448-7288 |
| Attorneys for Plaintiff | (786) 323-7274 (facsimile) |
| *Notice of Electronic Filing* | costalesgary@hotmail.com |
| | Attorney for Defendants |
| | *Notice of Electronic Filing* |