UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20125-BECERRA/TORRES

DOUGLAS GUTIERREZ,

    Plaintiff,

vs.

PAYLESS RESPONSE TEAM LLC
d/b/a WATER RESTO USA,
PAYLESS JANITORIAL INC, and
ABRAHAM NEWMAN,

    Defendants.
_____/

## **JOINT SCHEDULING REPORT**

Counsel for Plaintiff, Douglas Gutierrez, and counsel for Defendants, Payless Response Team LLC d/b/a Water Resto USA, Payless Janitorial Inc, and Abraham Newman, submit this Joint Scheduling Report pursuant to Local Rule 16.1(b)(2) and this Court's Paperless Order entered January 9, 2026 [ECF No. 5]:

**(A)**    **The Likelihood of Settlement.**

The parties remain open to exchanging information and exploring the potential for resolving this matter, in which Plaintiff seeks compensatory overtime wage damages (plus interest, liquidated damages, costs, and attorney's fees) under the Fair Labor Standards Act, as well as "gap time" wages based on state law claims for breach of contract and unjust enrichment.

**(B)**    **The Likelihood of Appearance in the Action of Additional Parties.**

The parties do not anticipate the appearance of any additional parties at this time.

**(C)**    **Proposed Limits on Time.**

1. **To join other parties and to amend the pleadings:** by April 3, 2026.

2. **To file and hear dispositive motions:** by September 18, 2026.

3. **To complete discovery:** by August 14, 2026.

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time.

**(E)** **The Necessity or Desirability of Amendments to the Pleadings.**

None other than as necessary if an additional Plaintiff were to join in these proceedings.

**(F)** **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

The parties propose that they utilize admissions of fact and stipulations regarding the authenticity of documents to avoid unnecessary proof.

**(G)** **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**

None other than in (F), above.

**(H)** **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The parties propose that motions concerning discovery, costs, attorneys' fees, sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)** **A Preliminary Estimate of the Time Required for Trial.**

The parties' preliminary estimate of the time required for trial is three days by jury.

**(J)** **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial.**

    1. **Trial:** December 7, 2026, at 9:30 a.m.

    2. **Pre-trial Conference:** December 1, 2026, at 10:00 a.m.

    3. **Joint Pre-trial Stipulations:** November 24, 2026.

    4. **Motion in Limine deadline:** October 30, 2026.

    5. **Completion of Mediation:** August 31, 2026.

**(K)** **Any Issues Regarding:**

    1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced.**

The parties anticipate that ESI may exist subject to discovery or disclosure. The parties should preserve relevant ESI in native format, and initial production should be made in reasonably usable, searchable Word, Excel, PDF or TIFF format unless otherwise agreed. The parties further anticipate producing ESI relating to Plaintiff's days and hours worked, compensation, payroll records, and tax reporting, to the extend such ESI exists.

With respect to emails or other searchable ESI, the parties propose to confer regarding reasonable search terms consistent with Fed. R. Civ. P. 26(b)(1). Any disputes regarding the scope or format of ESI production may be addressed through the Magistrate Judge's discovery procedures. Additionally, Plaintiff proposes that such discussions may be used in connection with any motion to compel.

    2. **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties propose that they address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

None at this time. The parties anticipate relying on the Eleventh Circuit Pattern Jury Instructions applicable to FLSA overtime claims. The parties do not presently seek any variance from the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules.

Respectfully submitted this 4th day of March 2026,

| | |
|---|---|
| s/ Patrick Brooks LaRou    | s/ Gary A. Costales    |
| Brian H. Pollock, Esq. (174742) | Gary A. Costales, Esq. |
| brian@fairlawattorney.com | Florida Bar No. 0948829 |
| Patrick Brooks LaRou, Esq. (1039018) | LAW OFFICES OF |
| brooks@fairlawattorney.com | GARY A. COSTALES, P.A. |
| FAIRLAW FIRM | 1533 Sunset Drive, Suite 150 |
| 135 San Lorenzo Avenue, Suite 770 | Miami, Florida 33143 |
| Coral Gables, Florida 33146 | Telephone: (786) 448-7288 |
| Telephone: (305) 230-4884 | Facsimile: (786) 323-7274 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |