## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement and Limited Release (the "Agreement") is entered into by and between DOUGLAS GUTIERREZ, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to as "Gutierrez" or "Plaintiff"), and PAYLESS RESPONSE TEAM LLC d/b/a WATERRESTO USA, PAYLESS JANITORIAL INC, and ABRAHAM NEWMAN (hereinafter referred to as "Released Parties" or "Defendants"), and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, members, managers, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys. Plaintiff and Defendants are collectively referred to hereinafter as the "Parties."

WHEREAS, Plaintiff filed a lawsuit against Defendants on or about January 8, 2026, and styled *Douglas Gutierrez v. Payless Response Team LLC, et al.*, Case No. 1:26-cv-20125-JB, in the United States District Court, Southern District of Florida, Miami Division (the "Lawsuit"); and

WHEREAS, the Lawsuit asserts claims against the Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and for breach of contract and unjust enrichment under Florida common law, seeking the recovery of unpaid minimum, regular, and overtime wages; and

WHEREAS, Defendants have denied and continue to deny the claims asserted in the Lawsuit, and specifically deny the alleged violations of the FLSA or any other federal, state, or local laws, rules, or regulations in connection with Plaintiff's employment; and

WHEREAS, in order to avoid the delay, expense, and uncertainty of further legal proceedings in connection with the Lawsuit, the Parties have agreed to resolve their dispute; and

WHEREAS, the Parties have agreed to resolve the disputed wage-and-hour and related claims asserted in the Lawsuit; and

NOW THEREFORE, in consideration of the promises and mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.  **Recitals.** The above Recitals are true and correct and are incorporated herein by reference.

2.  **Settlement Payments.** In full settlement of the claims asserted in the Lawsuit, Defendants, jointly and severally, shall pay Plaintiff and Plaintiff's counsel the total sum of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Amount") within ten (10) calendar days after the Court's approval of this settlement agreement (the "Payment Deadline"), allocated as follows:

    a.  One check in the amount of Two Thousand Five Hundred Dollars ($2,500.00) payable to Gutierrez as alleged unpaid wages, for which Defendants shall issue an IRS Form 1099;

    b.  One check in the amount of Two Thousand Five Hundred Dollars ($2,500.00) payable to Gutierrez as alleged compensatory damages, for which Defendants shall issue an IRS Form 1099;

    c.  One check in the amount of Nine Thousand One Hundred Dollars ($9,100.00), payable to FairLaw Firm as attorneys' fees and costs, for which Defendants shall issue an IRS Form 1099;

    d.  One check in the amount of Nine Hundred Dollars ($900.00), payable to Derek Smith Law Group, PLLC as attorneys' fees and costs, for which the Company will issue an IRS Form 1099.

All payments of the Settlement Amount shall be delivered to FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146. Pending Court approval of this Agreement, any settlement funds received by Plaintiff's counsel shall be held in trust and shall not be negotiated or disbursed unless and until the Court approves this Agreement. If the Court declines to approve this Agreement, the Parties shall cooperate in good faith and make all reasonable efforts necessary to address the Court's concerns and obtain approval of the settlement. If, after exhausting such efforts, the Agreement is not approved, any settlement funds previously delivered shall be returned to Defendants.

3.  **Default and Cure Period.** Defendants' failure to timely tender any portion of the Settlement Amount on or before the Payment Deadline shall constitute a material breach of this Agreement and a default. Defendants shall be entitled to written notice of any default via email to Defendants' counsel, Gary A. Costales, Esq. (gary@youremploymentattorney.com). Defendants shall have three (3) business days

after receipt of written notice to cure the default (the "Cure Period"). If Defendants fail to cure the default within the Cure Period, then the entire remaining unpaid balance of the Settlement Amount shall immediately accelerate and become due and payable. Upon expiration of the Cure Period without full payment, Plaintiff may immediately seek enforcement of this Agreement and entry of judgment for the Settlement Amount due under this Agreement, together with reasonable attorneys' fees and costs incurred in enforcement. The Cure Period shall commence upon transmission of written notice via email to Defendants' counsel.

4. **No Admission of Liability.** This Agreement does not constitute and shall not be construed as an admission by any party, particularly the Defendants, of liability, wrongdoing, or any violation of law, and to the contrary, any such interpretation is specifically denied.

5. **Limited Release.** In exchange for the consideration described in this Agreement, Plaintiff releases and forever discharges Defendants from any and all wage-and-hour claims, causes of action, damages, or liabilities that were asserted or could have been asserted based on the facts alleged in the Lawsuit, including claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and any related claims under Florida law for unpaid minimum wages, unpaid overtime wages, unpaid regular wages, liquidated damages, breach of contract, and unjust enrichment arising from Plaintiff's work performed for Defendants through the date Plaintiff executes this Agreement. Plaintiff does not release claims unrelated to the wage-and-hour and related claims asserted or wage and hour claims that could have been asserted in the Lawsuit.

6. **Neutral Employment Reference.** In response to any inquiry regarding Gutierrez's employment with Defendants, Defendants shall provide him with a neutral employment reference by confirming his dates of work and position(s) held without reference to any claim, lawsuit, or the resolution thereof.

7. **Court Approval, Jurisdiction Retention, and Dismissal.** The Parties authorize their respective counsel of record to file a Joint Motion to Approve Settlement requesting that the Court: (a) approve this Agreement as fair and reasonable under *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); (b) retain jurisdiction to enforce the terms of this Agreement for a period of ninety (90) days from the date of the Court's order approving this settlement; and (c) dismiss the Lawsuit with prejudice upon condition that the Court retain jurisdiction to take such other actions as necessary to enforce this Agreement. The Parties agree that the Lawsuit shall be

dismissed with prejudice only after Defendants have completed all settlement payments required under this Agreement.

8.      **Entire Agreement.** This Agreement constitutes the entire and final understanding and agreement of the Parties with respect to the subject matter hereof and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, understandings, or representations, whether written or oral, concerning the matters set forth herein. No party has relied upon any statement, representation, or promise of any other party or such party's agents or attorneys in executing this Agreement except as expressly set forth herein.

9.      **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances is determined to be invalid or unenforceable to any extent by a court of competent jurisdiction, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law, and to that extent the Agreement is severable.

10.     **Governing Law and Venue.** This Agreement shall be construed and governed in accordance with the laws of the State of Florida, without regard to its choice of law provisions, and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the United States District Court for the Southern District of Florida or the state courts of Miami-Dade County, Florida.

11.     **Counterparts and Electronic Signatures.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Electronic signatures are permitted, and a copy or .pdf version of any signature or of a fully executed copy of this Agreement shall be of the same force and effect as an original.

12.     **Authority.** Each party represents and warrants that it or he is authorized to enter into this Agreement and has the authority to perform the terms of this Agreement. Plaintiff represents and warrants that he has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any portion of any released claim. Defendants represent and warrant that the person signing this Agreement on behalf of Defendants has the authority to act on behalf of the Defendants and to bind them and all who may claim through them to the terms and conditions of this Agreement.

4

13.     **Amendment.** No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made except in a written agreement executed by all Parties hereto.

14.     **Representations.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty, or understanding made by any of the Parties or their representatives with regard to the subject matter, basis, or effect of this Agreement, other than those representations expressly set forth in this Agreement.

15.     **Headings.** Section headings used in this Agreement are for ease of reference only and shall not affect the meaning or interpretation of any provision of this Agreement.

16.     **Construction.** The Parties acknowledge that each party participated in drafting this Agreement and had an equal opportunity to do so. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against any party.

17.     **Attorney Fees for Enforcement.** The prevailing party in any action to enforce this Agreement shall be entitled to recover its reasonable attorney's fees and costs from the non-prevailing party.

18.     **Consultation.** Each of the Parties acknowledges that he/it has been advised to consult an attorney prior to signing this Agreement, and that each has consulted with and been advised by his/her/its own attorney regarding this matter and is satisfied that he/it has received appropriate legal advice and an explanation of all of his/its options in connection with this Agreement.


**THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT, AND THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS.**


**DOUGLAS GUTIERREZ**

By: _____

Date: _____

**PAYLESS RESPONSE TEAM LLC**
**d/b/a WATERRESTO USA**

By: _____
Abraham Newman, as Authorized Agent

Date: May 29, 2026

**PAYLESS JANITORIAL INC**

By: _____
Abraham Newman, as Authorized Agent

Date: May 29 2026

**ABRAHAM NEWMAN**

By: _____

Date: May 29, 2026

**DOUGLAS GUTIERREZ**

By: Douglas Gutierrez (May 29 2026 11:40:39 EDT)

Date: May 29, 2026

**PAYLESS RESPONSE TEAM LLC
d/b/a WATERRESTO USA**

By: _____
　　　Abraham Newman, as Authorized Agent

Date: _____

**PAYLESS JANITORIAL INC**

By: _____
　　　Abraham Newman, as Authorized Agent

Date: _____

**ABRAHAM NEWMAN**

By: _____

Date: _____