**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-cv-20125-JB/Torres**

DOUGLAS GUTIERREZ,

     Plaintiff,

vs.

PAYLESS RESPONSE TEAM LLC
d/b/a WATERRESTO USA,
PAYLESS JANITORIAL INC, and
ABRAHAM NEWMAN

     Defendants.

_____/

**ORDER APPROVING SETTLEMENT**
**AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court upon the parties' Joint Motion to Approve

FLSA Settlement and for Dismissal of All Claims with Prejudice.  ECF No. [22].

According to the Joint Motion and Settlement Agreement attached thereto, the

parties have agreed to resolve this dispute for $15,000.00, allocated as follows:

$2,500.00 to Plaintiff as unpaid wages; $2,500.00 to Plaintiff as compensatory

damages; $9,100.00 to Plaintiff's counsel for reasonable attorneys' fees and costs;

and $900.00 to Plaintiff's former counsel for reasonable attorneys' fees and costs.

ECF No. [22-2] at ¶ 2.

Before the Court can approve a settlement of FLSA claims, it must scrutinize

the settlement and determine that it is a "fair and reasonable resolution of a bona

fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350, 1355 (11th Cir. 1982).   If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354. The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at \*3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).  The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva, v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

The Court has carefully reviewed the record and the Parties' documented basis for a settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, in light of the considerations set forth above.  Based upon this analysis, the Court finds that the Parties' settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive.

Accordingly, it is **ORDERED AND ADJUDGED** that the Joint Motion, ECF

No. [22], is **GRANTED**.  The Settlement Agreement, ECF No. [22], which has been duly filed as record of the Court, is **APPROVED** in its entirety.  This case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**.  The Clerk is directed to **CLOSE** this case.  The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

DONE AND ORDERED in Chambers at Miami, Florida this 1st day of June, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**